# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILES ORLANDO BONTY,<br><br>        Plaintiff,<br><br>    v.<br><br>F. REYNOSO, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:07-cv-00732-AWI-SMS PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF CERTAIN CLAIMS AND RECOMMENDING PLAINTIFF BE GRANTED ONE OPPORTUNITY TO AMEND HIS MEDICAL CARE CLAIM<br><br>(Doc. 12)<br><br>OBJECTION DUE WITHIN THIRTY DAYS |

**I.    Screening of Amended Complaint**

    Plaintiff Miles Orlando Bonty ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on May 18, 2007, and on September 10, 2007, plaintiff filed an amended complaint.

    The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

///

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.    Plaintiff's Claims**

Plaintiff is an inmate currently housed the California Correctional Institution. The events at issue in this action allegedly occurred at Kern Valley State Prison, following an incident in the dining hall in which inmates were forcibly extracted following an assault on staff by inmates.

   **A.    Excessive Force Claims**

Plaintiff alleges that on October 16, 2005, defendants Does 1-4 used excessive force against him and that defendants Reynoso and Lascano failed to intervene. (Doc. 12, Court Record pgs. 6 & 17:4-23.) Plaintiff's claims against these defendants were raised in an earlier action, case number 1:07-cv-00428-LJO-GSA PC Bonty v. Escutia, and were dismissed, with prejudice, for failure to state a claim upon which relief may be granted.[1] Plaintiff is barred from further pursuit of these claims. Adams v. California Dep't of Health Servs, 487 F.3d 684, 688-89 (9th Cir. 2007). Plaintiff is warned that any attempt by plaintiff to continue pursuit of these barred claims is in bad faith and may lead to the imposition of sanctions against plaintiff.

///

---

[1] The court takes judicial notice of documents 25 and 29 in 1:07-cv-00428-LJO-GSA PC.

**B.     Claims Arising from Handling of Inmate Appeals**

Plaintiff alleges that defendant Gricewich used manipulation tactics to hinder plaintiff's ability to advance his inmate appeal of the excessive force incident through the system, that defendants Drew and Harris deprived plaintiff of a legitimate investigation of his appeal issue, that defendant Read failed to address prison officials' negligent failure to follow regulations and cited one particular source rather than another in supporting his finding, and that defendant Grannis refused to put a stop to prison officials' attempts to obstruct the appeals process.[2] (Amend. Comp., CR pg. 18.) Plaintiff alleges First, Eighth, and Fourteenth Amendment claims arising from these events.

Plaintiff is precluded from pursuing a retaliation claim in this action because his retaliation claim arising from the use of manipulative tactics to hinder the ability to pursue inmate appeals was dismissed, with prejudice, for failure to state a claim upon which relief may be granted in case number 1:07-cv-00428-LJO-GSA PC. Adams, 487 F.3d at 688-89. Further, the events surrounding plaintiff's use of the inmate appeals process do not constitute cruel and unusual punishment in violation of the Eighth Amendment, plaintiff's assertion to the contrary notwithstanding. Hudson v. McMillian, 503 U.S. 1, 9 (1992). Finally, plaintiff may not base a due process claim on these events because he does not enjoy a protected liberty interest in use of the appeals process. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); Massey v. Helman, 259 F.2d 641, 647 (7th Cir. 2001). Without the existence of a protected liberty interest, plaintiff is not entitled to procedural due process under federal law. Wilkinson v. Austin, 545 U.S. 209, 221 (2005). The deficiencies in plaintiff's Eighth and Fourteenth Amendment claims are not amenable to amendment because the claims fail as a matter of law. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). For these reasons, the court recommends dismissal of plaintiff's claims against defendants Gricewich, Drew, Harris, Read, and Grannis arising out of their involvement in the appeals process, with prejudice.

---

[2] A Director's Level decision denying plaintiff's appeal of the excessive force incident was issued on August 13, 2007. (Amend. Comp., CR pg. 18.) The appeal was reviewed at the Director's Level by defendant Read and issued by defendant Grannis.

**C.    Medical Care Claim**

Plaintiff alleges that following the incident of force on October 16, 2005, defendants Lemos, Sweeny, Sanchez, and Marroquin failed to provide adequate medical care, in violation of plaintiff's rights under the Eighth Amendment. (Amend. Comp., 19:3-6.) Plaintiff alleges that defendants ignored inmates with breathing problems and only documented inmates' names, housing locations, and visible injuries. (Id., 7:2-6.)

Plaintiff's medical care claim is not barred because plaintiff did not raise it in case number 1:07-cv-00428-LJO-GSA PC. However, "to maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)).

Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Id. (citing McGuckin at 1060 (internal quotations omitted)). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

Plaintiff's allegations are not sufficient to support a claim for relief under section 1983 for deliberate indifference to medical needs. Because plaintiff has not previously been given leave to
///

amend this claim and because the deficiencies may be capable of amendment, the court recommends that the claim be dismissed with leave to amend.

### D. Claims for Equitable Relief

In addition to money damages, plaintiff is seeking injunctive and declaratory relief. Because plaintiff's remaining claim arises from a past event which occurred on October 16, 2005, and because plaintiff has an adequate remedy at law via damages, the court recommends that plaintiff's claims for equitable relief be dismissed. 18 U.S.C. § 3626(a)(1)(A); City of Los Angeles v. Lyons, 461 U.S. 95, 101, 103 S.Ct. 1660, 1665 (1983); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006).

## III. Conclusion

For the reasons set forth herein, the undersigned HEREBY RECOMMENDS that:

1. Plaintiff's excessive force claims be dismissed, with prejudice, as barred by the doctrine of res judicata;

2. Plaintiff's retaliation claim be dismissed, with prejudice, as barred by the doctrine of res judicata;

3. Plaintiff's Eighth and Fourteenth Amendment claims arising from the inmate appeals process be dismissed, with prejudice, for failure to state a claim upon which relief may be granted under section 1983;

4. Plaintiff's claims for equitable relief be dismissed; and

5. Plaintiff be granted one opportunity to amend to cure the deficiencies in his Eighth Amendment medical care claim but be precluded from including any other claims in a second amended complaint.[3]

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written

---

[3] Plaintiff should not amend his complaint in response to this Findings and Recommendations. Plaintiff may file an Objection if he wishes, but should wait for Judge Ishii's Order addressing this Findings and Recommendations before amending his complaint. Plaintiff has already amended once as a matter of right, Fed. R. Civ. P. 15(a), and the premature filing of a second amended complaint will result in an order striking the pleading.

5

objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   February 29, 2008**              /s/ Sandra M. Snyder
                                         UNITED STATES MAGISTRATE JUDGE