# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILES ORLANDO BONTY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>F. REYNOSO, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:07-cv-00732-AWI-SMS PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING EXCESSIVE FORCE CLAIM BE STRICKEN FROM SECOND AMENDED COMPLAINT AND ACTION BE DISMISSED, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM<br><br>(Doc. 27)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

**Findings and Recommendations Following Screening of Second Amended Complaint**

**I.    Procedural History**

Plaintiff Miles Orlando Bonty ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action May 18, 2007, and filed a first amended complaint as a matter of right on September 10, 2007. Fed. R. Civ. P. 15(a). On April 7, 2008, the Court issued an order (1) dismissing Plaintiff's excessive force claims, with prejudice, as barred by the doctrine of res judicata; (2) dismissing Plaintiff's retaliation claim, with prejudice, as barred by the doctrine of res judicata; (3) dismissing Plaintiff's Eighth and Fourteenth Amendment claims arising from the inmate appeals process, with prejudice, for failure to state a claim upon which relief may be granted under section 1983; (4) dismissing Plaintiff's claims for equitable relief; and (5) granting Plaintiff one opportunity to amend to cure the deficiencies in his Eighth Amendment medical care claim but precluding Plaintiff from including

1  any other claims in the second amended complaint. 28 U.S.C. § 1915A. Plaintiff filed a second
2  amended complaint on June 26, 2008.

3  **II.     Screening Requirement**

4  The Court is required to screen complaints brought by prisoners seeking relief against a
5  governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The
6  Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
7  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
8  monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).
9  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall
10 dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a
11 claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

12 "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited
13 exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S.
14 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and
15 plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a).
16 "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the
17 grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading
18 standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330
19 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements
20 of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257
21 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

22 **III.    Plaintiff's Second Amended Complaint**

23       **A.    Excessive Force Claim**

24 Plaintiff included in his second amended complaint the excessive force claim that was
25 dismissed on April 7, 2008, with prejudice as barred by the doctrine of res judicata. The Court
26 therefore recommends that it be stricken from the second amended complaint.

27 ///
28 ///

2

1  **B.   Eighth Amendment Medical Care Claim**

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Id. (citing McGuckin at 1060 (internal quotations omitted)).

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Plaintiff's conclusory allegations that Defendants Sanchez, Lemos, Sweeney, and Marraquin refused to attend to his medical needs and failed to provide mental health care for his emotional injury following the riot in the dining hall are insufficient to support a claim under section 1983. (Doc. 27, 2nd Amend. Comp., court record pg. 5.) Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . ," Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted), and in this instance, they fall

3

well short of supporting a claim that Defendants "[knew] of and disregard[ed] an excessive risk to [Plaintiff's] health . . . " <u>Farmer</u>, 511 U.S. at 837.

### IV.     Conclusion and Recommendation

Plaintiff's second amended complaint does not set forth a claim upon which relief may be granted under section 1983. Plaintiff was previously notified of the deficiencies in his medical care claim and granted an opportunity to amend. Accordingly, it is HEREBY RECOMMENDED that:

1. The excessive force claim re-alleged in the second amended complaint be stricken; and

2. This action be dismissed, with prejudice, for failure to state a claim upon which relief may be granted under section 1983.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   July 8, 2008**                         /s/ Sandra M. Snyder
                                                                UNITED STATES MAGISTRATE JUDGE